1  **CARMEN A. TRUTANICH**, City Attorney - **SBN 86629x**
   **GARY G. GEUSS**, Chief Assistant City Attorney
2  **CORY BRENTE**, Assistant City Attorney
   **DENISE C. MILLS**, Deputy City Attorney - **SBN 191992**
3  200 North Main Street, 6th Floor, City Hall East
   Los Angeles, CA  90012
4  Phone No. (213) 978-7032, Fax No. (213) 978-8785
   Email: denise.mills@lacity.org
5
   *Attorneys for Defendants*
6  **CITY OF LOS ANGELES, CHARLES BECK, ROBERT CHAVIRA, ROBERT LUNA, JOSE ANZORA, DANIEL BUNCH, DEXTER BARRAS, GARY HANSEN,**
7  **ROY GUTHRIE and RYAN SHAFFER**

8
                   **UNITED STATES DISTRICT COURT**
9
                   **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  AHMAD SHAPOUR ARIAN, an individual; DEENA ARIAN, an | ) CASE NO. CV12-05261RGK(PLAx) |
| 12  individual; | ) **Assigned to Trial Judge: Hon. R. Gary Klausner** |
| | ) **Courtroom: 850 - Roybal** |
| 13        *Plaintiffs*, | ) |
| | ) **Assigned to Magistrate: Hon. Paul L. Abrams** |
| 14     vs. | ) **Courtroom: G on 9th Floor** |
| 15 | ) |
| | ) |
| 16  CITY OF LOS ANGELES; CHARLES BECK, CHIEF OF POLICE, | ) **PROTECTIVE ORDER** |
| individually and as a peace officer; | ) |
| 17  OFFICER ROBERT CHAVIRA, | ) |
| individually and as a police officer; | ) |
| 18  OFFICER ROBERT LUNA, | ) |
| individually and as a police officer; | ) |
| 19  OFFICER JOSE ANZORA, | ) |
| individually and as a police officer; | ) |
| 20  OFFICER DANIEL BUNCH, | ) |
| individually and as a police officer; | ) |
| 21  OFFICER DEXTER BARRAS, | ) |
| individually and as a police officer; | ) |
| 22  OFFICER GARY HANSEN, | ) |
| individually and as a police officer; | ) |
| 23  SERGEANT ROY GUTHRIE, | ) |
| individually and as a police officer; | ) |
| 24  OFFICER RYAN SHAFFER, | ) |
| individually and as a police officer; | ) |
| 25  and DOES 1 through 10, inclusive, | ) |
| | ) |
| 26      *Defendants*. | ) |
| 27 | |
| 28 | |

1

1    THE PARTIES HAVING STIPULATED TO THE FOLLOWING, this Court
2 hereby orders as follows:
3    1.    The parties may designate as confidential the following:
4        [A]    Photographs of the scene taken by employees of the Los Angeles
5 Police Department as part of an ongoing investigation of the underlying officer-involved
6 shooting incident;
7        [B]    All audio communications recordings between police officers and
8 police dispatch related to this lawsuit;
9        [C]    The audio recording of the entire 9-1-1 call made by Plaintiff's
10 decedent Abdul Arian at the time of the vehicle pursuit which terminated in an officer-
11 involved shooting incident;
12        [D]    All information contained withing the decedent's cellular phone–the
13 information will be produced in a digital format to Plaintiffs;
14        [E]    The names of any witnesses to the shooting which will be provided to
15 Plaintiffs; all of which Defendants believe might contain information of a privileged,
16 confidential, private or sensitive nature, by affixing to such document or writing a legend,
17 such as "Confidential." "Confidential Documents," "Confidential Material," "Subject to
18 Protective Order" or words of similar effect.  This category of documents and writings so
19 designated, and all information derived therefrom (hereinafter, collectively, "Confidential
20 Information"), shall be treated in accordance with the terms of this stipulation.
21    2.    Confidential Information may be used by the persons receiving such
22 information only for the purpose of this litigation.
23    3.    Subject to the further conditions imposed by this stipulation,
24 Confidential Information may be disclosed only to the following persons:
25        (a)    Counsel for the parties and to experts, investigators, paralegal
26 assistants, office clerks, secretaries, the plaintiffs and other such personnel working under
27 their supervision;
28

2

1        (b)    Such other parties as may be agreed by written stipulation among the
2  parties hereto.
3        4.    Prior to the disclosure of any Confidential Information to any person
4  described in paragraph 3(a) or 3(b), counsel for the party that has received and seeks to
5  use or disclose such Confidential Information shall first provide any such person with a
6  copy of this stipulation, and shall cause him or her to execute, on a second copy which
7  counsel shall thereafter serve on the other party the following acknowledgment:

> "I understand that I am being given access to Confidential
> Information pursuant to the foregoing stipulation and order.
> I have read the Order and agree to be bound by its terms
> with respect to the handling, use and disclosure of such
> Confidential Information.
> Dated: _____/s/_____"

14        5.    Upon the final termination of this litigation, including any appeal
15  pertaining thereto, all Confidential Information and all copies thereof shall be returned to
16  the Defendants, except as to Court personnel.  All Confidential Information disclosed to
17  any person or party pursuant to any provision hereof also shall be returned to the
18  Defendants.
19        6.    If any party who receives Confidential Information receives a
20  subpoena or other request seeking Confidential Information, he, she or it shall
21  immediately give written notice to the Defendants' counsel, identifying the Confidential
22  Information sought and the time in which production or other disclosure is required, and
23  shall object to the request or subpoena on the grounds of this stipulation so as to afford
24  the Defendants an opportunity to obtain an order barring production or other disclosure,
25  or to otherwise respond to the subpoena or other request for production or disclosure of
26  Confidential Material.  Other than objecting on the grounds of this stipulation, no party
27  shall be obligated to seek an order barring production of Confidential Information, which

1  obligation shall be borne by the Defendants.  However, in no event should production or
2  disclosure be made without written notice to Defendants' counsel unless required by
3  court order after serving written notice to defendants' counsel.

4       7.   Any pleadings, motions, briefs, declarations, stipulations, exhibits or
5  other written submissions to the Court in this litigation which contain, reflect, incorporate
6  or refer to Confidential Information shall be filed and maintained under seal, after written
7  application to the Court made. If the Court approves the application to file the documents
8  under seal,  the original and judge's copy of the document shall be sealed in separate
9  envelopes with a title page affixed to the outside of each envelope. No sealed or
10 confidential record of the Court maintained by the Clerk shall be disclosed except upon
11 written order of the Court.

12      8.   Counsel for the parties hereto agree to request that any motions,
13 applications or other pre-trial proceedings which could entail the discussion or disclosure
14 of Confidential Information be heard by the Court outside the presence of the jury, unless
15 having heard from counsel, the Court orders otherwise.  Counsel for the parties further
16 agree to request that, during any portion of the trial of this action which could entail the
17 discussion or disclosure of Confidential Information, access to the courtroom be limited
18 to parties, their counsel and other designated representative, experts or consultants who
19 agree to be bound by this stipulation, and court personnel, unless having heard from
20 counsel, the Court orders otherwise.

21      9.   Nothing herein shall prejudice any party's rights to object to the
22 introduction of any Confidential Information into evidence, on grounds including but not
23 ///
24 ///
25 ///
26 ///
27 limited to relevance and privilege.
28

10. This Protective Order survives settlement, trial and/or appeal.

**IT IS SO ORDERED.**

DATED: November 2, 2012    _____
**HONORABLE PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE**